UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH LAMAR DAVIS,

        Petitioner,

                                          File No. 1:07-CV-368

v.

                                          HON. ROBERT HOLMES BELL

CARMEN D. PALMER,

        Respondent.
                                       /

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
<u>SUMMARILY DISMISSING  PETITION FOR WRIT OF HABEAS CORPUS</u>**

      This matter is before the Court on Petitioner Keith Lamar Davis' objections to the Magistrate Judge's September 17, 2007, Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be dismissed with prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases, because it fails to raise a meritorious federal claim.  (Dkt. No. 10.)  Petitioner filed objections to the R&R on September 20, 2007.

      This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

1

The R&R recommends dismissal of Petitioner's first claim because it is based upon an alleged violation of Michigan's *corpus delicti* rule, and the *corpus delicti* rule does not embody a federal constitutional principle that would support habeas corpus relief.  In his objections, Petitioner does not challenge the Magistrate Judge's determination that the *corpus delicti* rule does not embody a federal constitutional principle.  Instead, Petitioner asserts that he has stated a federal constitutional claim based upon the denial of due process. Specifically, Petitioner contends that he was denied due process because his confession was not corroborated "by substantial independent evidence which would tend to establish the trustworthiness of the statement," as required under federal law. (Dkt. No. 11, Pet.'s Objs. 2, *quoting Opper v. United States*, 348 U.S. 84, 93 (1954)).  Petitioner contends that because the confession was not corroborated, there is insufficient evidence to conclude that he killed the decedent.  (*Id.*)

Petitioner did not raise either the lack of corroboration for the confession or the sufficiency of the evidence in his initial or his amended § 2254 petition. (Dkt. Nos. 1, 9.) Although Petitioner alleged a violation of due process, his due process claim rested on his assertion that he was denied a fair trial based upon the state court's alleged failure to properly apply the *corpus delicti* rule.  Because Petitioner did not allege a violation of due process based upon the lack of corroboration for the confession or the sufficiency of the evidence, the Magistrate Judge never had the opportunity to consider the due process argument Petitioner now raises for the first time in his objections. "While the Magistrate

Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). *See also*, *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived."). Because Petitioner failed to allege a due process claim based upon the lack of corroboration for the confession or the sufficiency of the evidence in the habeas petition reviewed by the Magistrate Judge, Petitioner is procedurally barred from raising those arguments in his objections to the Magistrate Judge's R&R.

Moreover, even if this Court were to allow Petitioner to raise these new due process arguments, they would not provide a basis for habeas relief because they were never fairly presented to the state courts:

> Before seeking federal habeas relief, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), giving the State the "'opportunity to . . . correct' alleged violations of its prisoners' federal rights," *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865, which means he must "fairly present" his claim in each appropriate state court to alert that court to the claim's federal nature.

*Baldwin v. Reese*, 541 U.S. 27, 27 (2004). Although Petitioner alleged a due process claim in his brief before the Michigan Court of Appeals, he merely alleged a violation of his right to a fair trial based upon the court's alleged failure to properly apply the *corpus delicti* rule. He did not "fairly present" a federal due process claim based upon the lack of corroboration

for the confession or the sufficiency of the evidence.  Accordingly, even if this Court were to consider these arguments, they would be subject to dismissal for failure to exhaust state court remedies.

Petitioner's remaining objections simply reassert the claims raised in his habeas petition.  They do not identify any errors in the R&R.  This Court has carefully reviewed the R&R and finds that it comprehensively and cogently explains why Petitioner's habeas corpus petition fails to raise a meritorious federal claim.  Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 11) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000).

Date:   November 20, 2007            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE